# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS MARSHALL DIVISION

| | |
|---|---|
| LAB TECHNOLOGY LLC,<br><br>          Plaintiff,<br>v.<br>VERIZON COMMUNICATIONS, INC.,<br><br>          Defendant. | Case No. 2:24-cv-323<br><br>**JURY TRIAL DEMANDED** |

## DEFENDANT'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT

Defendant Verizon Communications, Inc. ("Verizon" or "Defendant"), by and through the undersigned counsel, hereby submits the following Answer in response to the Complaint for Patent Infringement ("Complaint") filed by Plaintiff Lab Technology, LLC ("Lab Technology" or "Plaintiff").

## SCOPE OF VERIZON'S ANSWER

Verizon's use of headings in this Answer is for convenience only and is not an admission as to any of Plaintiff's allegations in the Complaint.

Verizon further denies that any patent claims in this action are valid or enforceable. Verizon further reserves the right to amend or supplement its Answer based on any additional facts or developments that become available or that arise after the filing of this Answer.

Verizon denies each and every allegation averred in the Complaint, whether express or implied, that is not expressly admitted below. Any factual allegation below is admitted only as to the specific admitted facts, and not as to any purported conclusions, characterizations,

implications, or speculations that might follow from the admitted facts. Verizon further denies that Plaintiff is entitled to the relief requested or any other relief. Verizon answers the Complaint as follows.

## COMPLAINT

1. To the extent a response is deemed required, Verizon lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 of the Complaint and therefore denies the same, including any allegations of infringement.

## PARTIES

2. Verizon lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2, and therefore denies the same.

3. Verizon admits that Verizon Communications Inc. is incorporated in Delaware and its corporate headquarters is located at 1095 Avenue of the Americas, New York, New York 10036. Verizon admits that Verizon Communications Inc. may be served with process through its registered agent at CT Corporation System, 1209 Orange Street, Wilmington, Delaware 19801. Except as expressly admitted, denied. Verizon specifically denies that personal jurisdiction exists over Verizon Communications Inc. for purposes of this matter. Verizon specifically denies that subject matter jurisdiction exists over Verizon Communications Inc. for purposes of this matter.

## JURISDICTION

4. Verizon admits that the Complaint purports to state a claim for patent infringement arising under Title 35 of the United States Code but denies the merits of this action, including any allegations of infringement.

5. Verizon admits that this Court has subject matter jurisdiction over patent-law

claims generally pursuant to 28 U.S.C. §§ 1331, 1332, and 1338(a), but denies the merits of this action. Except as expressly admitted, denied. To the extent that the allegations of Paragraph 5 of the Complaint set forth legal conclusions, no response is required. Verizon denies that it has infringed any of the Patents-in-Suit.

6. To the extent that the allegations of Paragraph 6 of the Complaint set forth legal conclusions, no response is required. Except as expressly admitted, denied. Verizon specifically denies that personal jurisdiction exists over Verizon Communications Inc. for purposes of this matter. Verizon denies that it has committed any actions or directed any activities as alleged in this paragraph. Verizon specifically denies that subject matter jurisdiction exists over Verizon Communications Inc. for purposes of this matter. Verizon denies that it has infringed any of the Patents-in-Suit. Verizon lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 6, and therefore denies the same.

**VENUE**

7. To the extent that the allegations of Paragraph 7 set forth legal conclusions, no response is required. Except as expressly admitted, denied. Verizon specifically denies that personal jurisdiction exists over Verizon Communications Inc. for purposes of this matter and denies that it has committed any actions or directed any activities as alleged in this paragraph. Verizon specifically denies that subject matter jurisdiction exists over Verizon Communications Inc. for purposes of this matter. Verizon denies that it has infringed any of the Patents-in-Suit. Verizon does not contest that venue in this District is proper pursuant to 28 U.S.C. § 1400(b) for purposes of this action against Verizon Communications Inc. Verizon does deny that this is the most convenient forum in which to try this case.

## PATENTS-IN-SUIT

8. Verizon admits that the Complaint purports to make a claim for patent infringement of U.S. Patent Nos. 8,503,973 (the "'973 Patent"); 8,515,032 (the "'032 Patent"); and 9,219,982 (the "'982 Patent") and collectively refers to the patents as the "Patents-in-Suit." Verizon lacks knowledge or information sufficient to form a belief as to the truth of the allegations of ownership of the Patents-in-Suit. Verizon denies any allegations of infringement of any of the Patents-in-Suit. Verizon lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's standing to bring the present action. To the extent this paragraph contains any additional factual allegations, Verizon lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies the same.

## THE '973 PATENT

9. Verizon admits that Exhibit 1 to the Complaint purports to be a true and correct copy of the '973 Patent, entitled "Method and system for obtaining emergency caller location." Verizon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 9, and therefore denies the same.

## THE '032 PATENT

10. Verizon admits that Exhibit 2 purports to be a true and correct copy of the '032 Patent, entitled "System to record and analyze voice message usage information." Verizon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 10, and therefore denies the same.

## THE '982 PATENT

11. Verizon admits that Exhibit 3 purports to be a true and correct copy of the '982

Patent, entitled "Apparatus and method for automatically refreshing a display of a telephone." Verizon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 11, and therefore denies the same.

## COUNT I
### (Alleged Infringement of the '973 Patent)

12. No response is required to Plaintiff's reference and incorporation of Paragraphs above. To the extent a response is deemed required, Verizon repeats and incorporates by reference, as if fully set forth herein, its answers to Paragraphs 1-11, as set forth above.

13. Verizon denies the allegations of Paragraph 13, including any allegations of infringement of the '973 Patent. Verizon admits that Paragraph 13 references claim charts that purport to identify the accused products. Verizon denies that it has infringed any of the referenced exemplary claims of the '973 Patent through its products or technology. To the extent this paragraph contains any additional factual allegations, Verizon lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies the same. Verizon objects to the extent that the allegations of Paragraph 13 of the Complaint set forth legal conclusions, and therefore denies the same.

14. Verizon denies the allegations of Paragraph 14 of the Complaint, including any allegations of infringement. Verizon objects to the extent the allegations of Paragraph 14 set forth legal conclusions.

15. Verizon denies the allegations of Paragraph 15 of the Complaint, including any allegations of infringement.

16. Verizon denies the allegations of Paragraph 16, including any allegations of infringement of any of the referenced claims of the '973 Patent. To the extent this paragraph

contains any additional factual allegations, Verizon lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies the same. Verizon denies that Plaintiff provided sufficient notice of this patent for any relevant purpose under patent law including specifically for damages (such as for marking), for indirect infringement and for allegations of willfulness. Verizon admits that Exhibit 4 purports to be a claim chart directed to the '973 Patent. Verizon objects to the remaining allegations of Paragraph 16 as calling for a legal conclusion and therefore denies the same.

17. Verizon denies the allegations of Paragraph 17, including any allegations of infringement of any of the referenced claims of the '973 Patent. To the extent this paragraph contains any additional factual allegations, Verizon lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies the same. Verizon denies that Plaintiff provided sufficient notice of this patent for any relevant purpose under patent law including specifically for damages (such as for marking), for indirect infringement and for allegations of willfulness. Verizon objects to the remaining allegations of Paragraph 17 as calling for a legal conclusion and therefore denies the same.

18. Verizon admits that Exhibit 4 purports to be a claim chart directed to the '973 Patent. Verizon denies the allegations of Paragraph 18, including any allegations of infringement.

19. No response is required to Plaintiff's reference and incorporation of the claim charts of Exhibit 4. Verizon admits that Exhibit 4 purports to be claim charts directed to the '973 Patent. Verizon denies any allegations of infringement.

20. Verizon denies that Plaintiff is entitled to the relief requested or any other relief. Verizon denies the allegations in Paragraph 20 of the Complaint, including any

allegations of infringement.

## COUNT II
### (Alleged Infringement of the '032 Patent)

21. No response is required to Plaintiff's reference and incorporation of Paragraphs above. To the extent a response is deemed required, Verizon repeats and incorporates by reference, as if fully set forth herein, its answers to Paragraphs 1-20, as set forth above.

22. Verizon denies the allegations of Paragraph 22, including any allegations of infringement of the '032 Patent. Verizon admits that Paragraph 22 references claim charts that purport to identify the accused products. Verizon denies that it has infringed any of the referenced exemplary claims of the '032 Patent through its products or technology. To the extent this paragraph contains any additional factual allegations, Verizon lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies the same. Verizon objects to the extent that the allegations of Paragraph 22 of the Complaint set forth legal conclusions, and therefore denies the same.

23. Verizon denies the allegations of Paragraph 23 of the Complaint, including any allegations of infringement. Verizon objects to the extent the allegations of Paragraph 23 set forth legal conclusions.

24. Verizon denies the allegations of Paragraph 24 of the Complaint, including any allegation of infringement.

25. Verizon denies the allegations of Paragraph 25, including any allegations of infringement of any of the referenced claims of the '032 Patent. To the extent this paragraph contains any additional factual allegations, Verizon lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies the same. Verizon

denies that Plaintiff provided sufficient notice of this patent for any relevant purpose under patent law including specifically for damages (such as for marking), for indirect infringement and for allegations of willfulness. Verizon objects to the remaining allegations of Paragraph 25 as calling for a legal conclusion and therefore denies the same.

26. Verizon denies the allegations of Paragraph 26, including any allegations of infringement of any of the referenced claims of the '032 Patent. To the extent this paragraph contains any additional factual allegations, Verizon lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies the same. Verizon denies that Plaintiff provided sufficient notice of this patent for any relevant purpose under patent law including specifically for damages (such as for marking), for indirect infringement and for allegations of willfulness. Verizon objects to the remaining allegations of Paragraph 26 as calling for a legal conclusion and therefore denies the same.

27. Verizon admits that Exhibit 5 purports to be a claim chart directed to the '032 Patent. Verizon denies the allegations of Paragraph 27, including any allegations of infringement.

28. No response is required to Plaintiff's reference and incorporation of the claim charts of Exhibit 5. Verizon admits that Exhibit 5 purports to be claim charts directed to the '032 Patent.

29. Verizon denies that Plaintiff is entitled to the relief requested or any other relief. Verizon denies the allegations in Paragraph 29 of the Complaint, including any allegations of infringement.

## COUNT III
**(Alleged Infringement of the '982 Patent)**

30. No response is required to Plaintiff's reference and incorporation of

Paragraphs above. To the extent a response is deemed required, Verizon repeats and incorporates by reference, as if fully set forth herein, its answers to Paragraphs 1-29, as set forth above.

31. Verizon denies the allegations of Paragraph 31, including any allegations of infringement of the '982 Patent. Verizon admits that Paragraph 31 references claim charts that purport to identify the accused products. Verizon denies that it has infringed any of the referenced exemplary claims of the '982 Patent through its products or technology. To the extent this paragraph contains any additional factual allegations, Verizon lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies the same. Verizon objects to the extent that the allegations of Paragraph 31 of the Complaint set forth legal conclusions, and therefore denies the same.

32. Verizon denies the allegations of Paragraph 32 of the Complaint, including any allegations of infringement. Verizon objects to the extent the allegations of Paragraph 32 set forth legal conclusions.

33. Verizon denies the allegations of Paragraph 33 of the Complaint, including any allegation of infringement.

34. Verizon denies the allegations of Paragraph 34, including any allegations of infringement of any of the referenced claims of the '982 Patent. To the extent this paragraph contains any additional factual allegations, Verizon lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies the same. Verizon denies that Plaintiff provided sufficient notice of this patent for any relevant purpose under patent law including specifically for damages (such as for marking), for indirect infringement and for allegations of willfulness. Verizon objects to the remaining allegations of Paragraph

34 as calling for a legal conclusion and therefore denies the same.

35. Verizon denies the allegations of Paragraph 35, including any allegations of infringement of any of the referenced claims of the '982 Patent. To the extent this paragraph contains any additional factual allegations, Verizon lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies the same. Verizon denies that Plaintiff provided sufficient notice of this patent for any relevant purpose under patent law including specifically for damages (such as for marking), for indirect infringement and for allegations of willfulness. Verizon objects to the remaining allegations of Paragraph 35 as calling for a legal conclusion and therefore denies the same.

36. Verizon admits that Exhibit 6 purports to be a claim chart directed to the '982 Patent. Verizon denies the allegations of Paragraph 36, including any allegations of infringement.

37. No response is required to Plaintiff's reference and incorporation of the claim charts of Exhibit 6. Verizon admits that Exhibit 6 purports to be claim charts directed to the '982 Patent.

38. Verizon denies that Plaintiff is entitled to the relief requested or any other relief. Verizon denies the allegations in Paragraph 38 of the Complaint, including any allegations of infringement.

## JURY DEMAND

39. Paragraph 39 sets forth Plaintiff's request for a jury trial, to which no response is required. Verizon denies that Plaintiff is entitled to the relief requested, or any other relief, and denies any allegations of infringement set forth in the Complaint.

## PRAYER FOR RELIEF

These Paragraphs set forth the statement of relief requested by Plaintiff to which no response is required. Verizon denies that Plaintiff is entitled to any relief and specifically denies all the allegations and prayers for relief contained in Paragraphs (A) through (I) of Plaintiff's Prayer for Relief

## DEFENSES

Subject to the responses above, Verizon alleges and asserts the following defenses in response to the allegations, without admitting or acknowledging that Verizon bears the burden of proof as to any of them or that any must be pleaded as defenses. In addition to the defenses described below, Verizon specifically reserves all rights to amend its Answer and assert additional defenses that become known through the course of discovery. Furthermore, Verizon repeats and incorporates by reference each of its answers in the foregoing paragraphs as if fully set forth herein.

## FIRST DEFENSE
### (NO INFRINGEMENT)

1. Verizon has not infringed and does not infringe, either literally or under the doctrine of equivalents, any valid and enforceable claim of the Patents-in-Suit, in any manner including under any section of 35 U.S.C. § 271, including 35 U.S.C. §271(a), (b), and/or (c), willfully or otherwise. Verizon has not performed any act and are not proposing to perform any act in violation of any rights validly belong to Plaintiff.

## SECOND DEFENSE
### (INVALIDITY)

2. The asserted claims of the Patents-in-Suit are invalid and unenforceable for failure to satisfy the requirements of Title 35 of the United States Code, including, but not limited to, one or more of the following: 35 U.S.C. §§ 101, 102, 103, and/or 112 *et seq.*, non-statutory obviousness-type double patenting, and/or the rules, regulations, and laws pertaining thereto.

## THIRD DEFENSE
## (NOTICE, DAMAGES, AND COSTS)

3. Plaintiff's claims for damages are statutorily limited under 35 U.S.C. §§ 252, 286, 287, or 307. To the extent Plaintiff or its licensees have failed to comply with the marking and notice requirements of 35 U.S.C. § 287(a), Plaintiff's requested relief is barred, in whole or in part, for any damages arising from Verizon's alleged infringement prior to at least the date of the filing of the original Complaint or otherwise limited by 35 U.S.C. § 286.

4. Plaintiff is barred from recovering costs in connection with this action under 35 U.S.C. § 288.

5. Plaintiff's claims for relief are limited by the doctrines of full compensation, exhaustion, and/or first sale, and Plaintiff is not entitled to a double recovery.

## FOURTH DEFENSE
## (PROSECUTION HISTORY ESTOPPEL)

6. Plaintiff's claims are barred by the doctrine of prosecution history estoppel based on statements, representations, and admissions made during the prosecution of the relevant patent applications resulting in the Patents-in-Suit before the United States Patent and Trademark Office and/or during the prosecution of related patent applications.

## FIFTH DEFENSE
## (FAILURE TO STATE A CLAIM)

7. The Complaint fails to state a claim upon which relief can be granted.

## SIXTH DEFENSE
## (LICENSE, IMPLIED LICENSE, AND/OR EXHAUSTION)

8. Plaintiff's claims for patent infringement are precluded in whole or in part (i) to the extent that any allegedly infringing products or components thereof are supplied, directly or indirectly, by any entity or entities having express or implied licenses or covenant

not to sue or assert to the Patents-in-Suit and/or (ii) under the doctrine of patent exhaustion. Additionally, Plaintiff's claims for patent infringement are precluded in whole or in part to any direct licenses or agreements/covenants not to sue that pertain to Verizon.

**SEVENTH DEFENSE**
**(STATUTORY LIMITATIONS)**

9. To the extent certain products accused of infringing the Patents-in-Suit are used by and/or manufactured for the United States Government and/or public good, Plaintiff's claims involving Verizon products or technology may not be pursued in this Court and are subject to other limitations pursuant to 28 U.S.C. § 1498.

**RESERVATION OF DEFENSES**

Verizon hereby reserves the right to supplement defenses as discovery proceeds in this case.

Dated:  August 12, 2024                    Respectfully submitted,

<u>/s/ Kevin Anderson</u>
Deron R. Dacus (TBN 00790553)
ddacus@dacusfirm.com
**THE DACUS FIRM, P.C.**
821 ESE Loop 323
Suite 430
Tyler, Texas 75701
Telephone:  903.705.1117
Facsimile:  903.581.2543

Kevin Anderson
kpanderson@duanemorris.com
Elissa Sanford
esanford@duanemorris.com
**DUANE MORRIS LLP**
901 New York Avenue N.W.
Suite 700 East
Washington, DC 20001-4795
Telephone: (202) 776-5213


*Counsel for Defendant*
*Verizon Communications Inc.*

## CERTIFICATE OF SERVICE

The undersigned certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on August 12, 2024.

*/s/ Kevin Anderson*